**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Felix REYES–PARADA, a.k.a Daniel Reyes–Parada, a.k.a. Daniel Reyes, Defendant–Appellant.**

**No. 06–13700.**

United States Court of Appeals, Eleventh Circuit.

Sept. 4, 2007.

stant case.

California assault with a deadly weapon offense.

Because the guilty plea and conviction based on it, which have not been challenged, establish that Reyes–Parada's 2000 California conviction is a felony, we reject his contention that he should have been sentenced as though it were not.

**AFFIRMED.**

---

Todd B. Grandy, U.S. Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

Mary A. Mills, Federal Public Defender, R. Fletcher Peacock, Tampa, FL, for Defendant–Appellant.

Before EDMONDSON, Chief Judge, and CARNES and FAY, Circuit Judges.

PER CURIAM:

Reyes–Parada was convicted of violating 8 U.S.C. § 1326(a) & (b)(1), and was sentenced to 46 months imprisonment after the district court applied the sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Reyes–Parada's sole contention is that the enhancement should not have been applied because the 2000 California conviction for assault with a deadly weapon, upon which the enhancement was based, was not a "conviction for a felony" within the meaning of the guideline. That contention is foreclosed by the conviction in this case itself, which was based on Reyes–Parada's guilty plea to the indictment which charged, among other things, that he "previously had been convicted of a felony offense, to wit:" the